# **EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FCC HOLDINGS, INC., et al.<br><br>                Debtors. | ) Chapter 11<br>)<br>) Case No. 14-11987 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>)<br>) |

**STIPULATION BETWEEN THE LIQUIDATING TRUSTEE
AND CHRISTOPHER SCOTT AND AUGUST MOSES TO LIFT
THE AUTOMATIC STAY AND PLAN INJUNCTION**

CLINGMAN & HANGER MGMT ASSOC, LLC, the liquidating trustee of the above captioned debtors (the "**Trustee**") and CHRISTOPHER SCOTT AND AUGUST MOSES (hereinafter "**Scott and Moses**"), by and through their respective authorized representatives, do hereby stipulate and agree as follows:

**RECITALS**

1. On August 25, 2014 (the "**Petition Date**"), each of the above-captioned debtors (the "**Debtors**") filed a voluntary petition for relief with this Court under chapter 11 of the Bankruptcy Code.

2. The Official Committee of Unsecured Creditors was appointed in these cases on September 5, 2014.

3. On March 18, 2015, the Court entered its Order Confirming First Amended Joint Plan of Orderly Liquidation of FCC Holdings, Inc. and Its Affiliated Debtors (the "**Plan**") under Chapter 11 of the Bankruptcy Code [D.I. 464].

4. Under the terms of the Plan a liquidating trust was established (the "**Trust**"). The liquidating trustee for the Trust is Clingman & Hanger Mgmt Assoc, LLC (the "**Trustee**").

4

5. The effective date of the Plan was May 6, 2015 (the "**Effective Date**").

6. Prior to the Petition Date, Scott and Moses initiated administrative proceedings before and filed Charges of Discrimination against their former employer, Anthem Career College, with the United States Equal Employment Opportunity Commission, Nashville, Tennessee, Area Office (EEOC), Charge Nos. 494-2014-01259 (Scott) and 494-2014-01314 (Moses). Scott and Moses filed Proof of Claim forms in this action on March 30, 2015. The EEOC issued Scott and Moses Notices of Suit Rights on April 14, 2015. Accordingly, Scott and Moses seek to pursue their claims against Anthem Career College in the United States District Court for the Middle District of Tennessee (the "**Tennessee Action**"), which action is subject to stay by operation of section 362 of the Bankruptcy Code and the injunction provided for in Section 11.05 of the Plan (the "**Injunction**").

7. The Trustee consents on a limited basis to relief from the automatic stay pursuant to 11 U.S.C § 362 and the Injunction to permit Scott and Moses to seek to liquidate their claims in the Tennessee Action for recovery solely against any applicable insurance policies and/or coverage, if any exist. If Scott and Moses obtain a recovery or judgment against the Debtors in the Tennessee Action, Scott and Moses will seek to enforce it solely against the proceeds of insurance and will not seek to enforce the recovery or judgment against the Debtors, the Debtors' estate, or property of the Debtors.

8. All parties to the Stipulation reserve all rights, including the Trustee's right to object to any proof of claim filed by Scott and Moses on any grounds, besides those claims to recover from any applicable insurance proceeds.

9. This Stipulation is subject to approval from the Honorable Christopher S. Sonchi, of the United States Bankruptcy Court for the District of Delaware.

**AGREEMENT**

NOW, THEREFORE, Scott and Moses and the Trustee hereby stipulate by and between themselves, and request that this Court enter an order approving the following:

(i) To the extent applicable and subject to the reservations set forth in this Stipulation, the parties hereto agree that the automatic stay under section 362 of the Bankruptcy Code and the injunction provided for in Section 11.05 of the Plan with respect to Debtors and in connection with Scott's and Moses's employment discrimination case is hereby vacated to the extent allowing Scott and Moses to proceed against Debtors' in the Tennessee Action for recovery solely against any applicable insurance policies and/or coverage, if any exist..

(ii) This Stipulation constitutes the entire agreement between the parties with respect to the matters addressed herein, shall supersede all prior agreements and understandings, both written and oral, between the parties with respect to the subject matter hereof, and except as provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

(iii) This Stipulation may not be modified except in a writing signed by the parties or by further order of the Bankruptcy Court.

(iv) This Stipulation shall become effective only when the fully executed Stipulation has been exchanged between the parties and the Bankruptcy Court has entered a final, non-appealable order approving the Stipulation.

(v) The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

WHEREFORE, the undersigned have executed the Stipulation on behalf of the parties hereto.

| | |
|---|---|
| _/s/ Douglas B. Janney, III_ | _/s/ Ericka F. Johnson_ |
| DOUGLAS B. JANNEY III, ESQ. | ERICKA F. JOHNSON, ESQ. |
| LAW OFFICE OF DOUGLAS B. JANNEY III | WOMBLE CARLYSLE SANDRIDGE & RICE LLP |
| *Attorneys for Christopher Scott and August Moses* | *Attorneys for the Liquidating Trustee* |

7